# In the United States Court of Federal Claims

MARGARET WALKER,

                    *Plaintiff,*

    v.

THE UNITED STATES,

                    *Defendant.*

No. 22-14 C

(Filed: October 27, 2023)

Joseph B. Fellows, Mobile, Alabama, for plaintiff.

Tanya B. Koenig, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**
**Granting the Government's Motion to Dismiss the Complaint**

**SILFEN,** *Judge.*

Margaret Walker filed a complaint in this court in 2022 based on a military discharge that occurred in 1987. The government filed a motion to dismiss alleging that this court lacks jurisdiction. Ms. Walker maintains that this court has jurisdiction over her claims but in the alternative requests a transfer to an appropriate venue. To the extent that Ms. Walker's claims are within this court's subject-matter jurisdiction, they are time barred, and to the extent that a district court would have jurisdiction over the subject matter of her complaint, her claims would be time barred there too. Thus, the court **dismisses** Ms. Walker's complaint and **denies** her request for a transfer.

**I.    Background**

On November 6, 1986, Ms. Walker started basic training in the Army. ECF No. 1 at 3 [¶7].[1] Before she started, the military had already administered at least two pregnancy tests to Ms. Walker. ECF No. 1 at 3 [¶7]. Ms. Walker took another pregnancy test on the day she arrived for basic training. ECF No. 1 at 3 [¶7]. The military never informed Ms. Walker if any of the tests indicated that she was pregnant. ECF No. 1 at 4, 6 [¶¶12, 30]. Ms. Walker was put through rigorous physical training and underwent additional medical tests, including x-rays. ECF No. 1 at 3 [¶¶9-10]. When she became ill two months after starting basic training, she requested to see a doctor. ECF No. 1 at 3 [¶11]. The doctor told Ms. Walker that she was three months pregnant and the fetus

---

[1] This background section accepts the allegations in Ms. Walker's complaint as true.

was not viable. ECF No. 1 at 3-4 [¶¶11-12]. Due to this nonviable pregnancy, Ms. Walker was medically discharged from the military a week before she would have graduated from basic training. ECF No. 1 at 4 [¶14]. Ms. Walker applied for, and was denied, Veterans Affairs benefits. ECF No. 1 at 5 [¶22].

Because of the stress from her medical condition, her military discharge, and subsequent financial issues, Ms. Walker began to suffer from joint pain. ECF No. 1 at 4-5 [¶¶16-21]. She was diagnosed with stress-induced lupus at least ten years later. ECF No. 1 at 5 [¶23] ("after a decade or more of suffering"). In 2022, Ms. Walker filed a complaint in this court. Her complaint recites five causes of action: (1) wrongful termination, (2) negligence with regard to her pregnancy, (3) medical malpractice, (4) gender discrimination, and (5) punitive damages. ECF No. 1 at 6-9 [¶¶26-44]. Ms. Walker also requests a correction of her military records and reinstatement from the day she was discharged in 1987 to the day she filed her complaint in 2022, along with the corresponding back pay and benefits. ECF No. 1 at 9. She styles her request for military pay as both a claim for wrongful termination with corresponding damages (ECF No. 1 at 6 [¶¶26-28]) and a claim under the Military Pay Act because "[s]he was wrongfully terminated for being pregnant" (ECF No. 18 at 4). In response to the government's motion to dismiss, Ms. Walker added a request for disability retirement pay. ECF No. 18 at 4.

## II. Discussion

The government moves to dismiss Ms. Walker's complaint, arguing that (1) this court does not have subject matter jurisdiction over her claims because they are in essence tort allegations and (2) her claims are barred by the statute of limitations because she was discharged more than six years before filing the complaint. ECF No. 7 at 4. The government further argues that this court does not have jurisdiction over Ms. Walker's disability retirement claim. ECF No. 19 at 5.

Ms. Walker maintains that her claims for wrongful termination and disability retirement pay are not tort allegations but instead arise under this court's jurisdiction. ECF No. 18 at 5. If this court determines it does not have jurisdiction, Ms. Walker requests transfer of those claims to the appropriate court or board. ECF No. 18 at 5, 8.

On a motion to dismiss under rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC), "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). If the court determines that it lacks subject-matter jurisdiction, it must dismiss the action. RCFC 12(b)(1), (h)(3); *see Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quotation marks omitted)).

A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014).

This court's jurisdiction is primarily defined by the Tucker Act, which provides the court with exclusive jurisdiction to decide specific types of monetary claims against the United States. *Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994); 28 U.S.C. § 1491(a)(1). "Jurisdiction under

the Tucker Act is exclusive in the Court of Federal Claims for claims above $10,000." *Kanemoto*, 41 F.3d at 644.

The Tucker Act provides this court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004).

The Military Pay Act, 37 U.S.C. § 204, "confers on an officer the right to the pay of the rank he was appointed to up until he is properly separated from the service." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997). The Military Pay Act thus "provides for suit in [the Court of Federal Claims] when the military, in violation of the Constitution, a statute, or a regulation, has denied military pay." *Antonellis v. United States*, 723 F.3d 1328, 1331 (Fed. Cir. 2013) (quoting *Dysart v. United States*, 369 F.3d 1303, 1315 (Fed. Cir. 2004)). This court's jurisdiction includes requests for reinstatement or back pay. *Martinez v. United States*, 77 Fed. Cl. 318, 322 (2007), *aff'd* 260 F. App'x 298 (Fed. Cir. 2008) ("For enlisted personnel, the money-mandating provisions of the Military Pay Act ... grant the United States Court of Federal Claims jurisdiction to adjudicate requests for reinstatement, back pay, or both.").

The court's jurisdiction over claims for pay from military retirement due to disability stems from 10 U.S.C. § 1201, a money-mandating statute. A member who "is unfit to perform the duties of the member's office, grade, rank, or rating because of physical disability incurred while entitled to basic pay" may be retired by the military. 10 U.S.C. § 1201(a). Congress has conferred jurisdiction "on retiring boards and the Secretaries of the three armed services" to decide a right to retirement for physical disability. *Chambers v. United States*, 417 F.3d 1218, 1224 (Fed. Cir. 2005) (citing *Furlong v. United States*, 152 F. Supp. 238, 240–41 (Ct. Cl. 1957)). The "responsibility for determining who is fit or unfit to serve in the armed services is not a judicial province." *Heisig v. United States*, 719 F.2d 1153, 1156 (Fed. Cir. 1983). The jurisdiction of this court cannot "be invoked until after the retiring board and the Secretary [have] acted." *Chambers*, 417 F.3d at 1224 (quoting *Furlong*, 152 F. Supp. at 240-41). Without a board's decision for disability retirement pay, the court "lacks jurisdiction because the claim is not ripe." *Malcolm v. United States*, 690 F. App'x 687, 689 (Fed. Cir. 2017).

### A. This court does not have jurisdiction to hear Ms. Walker's tort claims

This court lacks jurisdiction to hear Ms. Walker's claims of negligence with regard to her pregnancy, medical malpractice, gender discrimination, and punitive damages, because each of those counts alleges a tort.

The Tucker Act explicitly excludes tort claims from this court's jurisdiction. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States … in cases not sounding in tort."); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort."). Instead, district courts have "exclusive jurisdiction over tort claims for any amount if they fall within the Federal Tort Claims Act." *Wood v. United States*, 961 F.2d 195, 197 (Fed. Cir. 1992). This court does not have jurisdiction over claims that "defendant engaged in negligent, fraudulent, or

3

other wrongful conduct when discharging its official duties." *Cottrell v. United States*, 42 Fed. Cl. 144, 149 (1998). "Even where the claim is framed under non-tort law, the court lacks jurisdiction if the essence of the claim lies in tort." *Id*.

This court lacks subject matter jurisdiction over Ms. Walker's negligence, medical malpractice, and gender discrimination claims. *Utley v. United States*, 144 Fed. Cl. 573 (2019), *aff'd*, 813 F. App'x 601 (Fed. Cir. 2020) (dismissing claims of medical malpractice and negligence for lack of jurisdiction); *Duncan v. United States*, No. 04-1845C, 2007 WL 5160386, at *3 (Fed. Cl. Aug. 20, 2007) (dismissing "tort-based discrimination and wrongful termination claims" for lack of jurisdiction). Nor does this court have the power to grant punitive damages. *Jackson v. United States*, 664 F. App'x 922, 925 (Fed. Cir. 2016) ("[I]t is well settled that the Claims Court lacks jurisdiction over tort claims … and claims for punitive damages.").

Ms. Walker argues that her claim for wrongful termination "absolutely belong[s] in this court" and is "at the core of this action." ECF No. 18 at 5. To the extent that Ms. Walker's claim for wrongful termination is an independent request for damages beyond back pay, "the court lacks jurisdiction if the essence of the claim lies in tort." *Cottrell v. United States*, 42 Fed. Cl. 144, 149 (1998); *see Jackson*, 664 F. App'x at 925.

To the extent that Ms. Walker's wrongful termination allegation is a *basis for* her request for back pay, as opposed to a claim for additional damages or punitive damages, it is within this court's subject-matter jurisdiction. The presence of an issue that, alone, would not suffice for jurisdiction, such as a constitutional, statutory, or regulatory violation, does not unravel the court's subject matter jurisdiction over an unlawful termination. *See, e.g., Lewis v. United States*, 458 F.3d 1372, 1376 (Fed. Cir. 2006); *Klingenschmitt v. United States*, 119 Fed. Cl. 163, 184-85 (2014); *El-Shifa Pharm. Indus. Co. v. United States*, 378 F.3d 1346, 1353 (Fed. Cir. 2004) (in the context of a takings claim, "[t]hat the complaint suggests the United States may have acted tortiously towards the appellants does not remove it from the jurisdiction of the Court of Federal Claims"). But, as discussed next, Ms. Walker's wrongful termination allegation is time barred under either theory. Thus, to the extent that Ms. Walker's wrongful termination allegation merely underlies her request for back pay, and is within this court's subject-matter jurisdiction, this court lacks jurisdiction to hear it because it is untimely.

### B. The statute of limitations bars Ms. Walker's claim under the Military Pay Act

Ms. Walker's complaint alleges, in addition to tort claims, violations of the Military Pay Act (37 U.S.C. § 204) based on improper discharge. ECF No. 1 at 1-2 [¶3]; *id*. at 4 [¶16]. Her requested relief includes back pay from the date she was discharged to the date she filed suit in this court. *Id.* at 9.

Under the Tucker Act, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. 2501. This six-year period is considered "jurisdictional" and cannot be waived by the United States. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-134 (2008). A claim accrues when "all events have occurred that fix the alleged liability of the Government." *Creppel v. United States*, 41 F.3d 627, 631 (Fed. Cir. 1994). In the case of a claim for

4

back pay after a military discharge, this six-year period runs from the date the individual is discharged. *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc).

Seeking relief from a correction board for an unlawful separation from armed services is a permissive administrative remedy that does not toll the statute of limitations or prevent the cause of action from accruing. *Martinez*, 333 F.3d at 1304; *see Heisig*, 719 F.2d at 1155. The statute of limitations begins to run when the plaintiff is discharged, and any correction board remedy the plaintiff chooses to pursue runs concurrently with that statute of limitations.

Ms. Walker separated from the military in 1987 (ECF No. 18 at 2), giving her until 1993 to file her unlawful discharge claims. Ms. Walker filed her complaint decades later, in 2022. ECF No. 1. Ms. Walker's cause of action under the Military Pay Act, therefore, is too late in this court. *Martinez*, 333 F.3d at 1303-04.[2]

### C. This court does not have jurisdiction over Ms. Walker's claim for disability retirement pay because Ms. Walker has not sought that relief from the military and has not received a final agency action for this court to review

In response to the government's motion to dismiss, Ms. Walker alleges that the statute of limitations has not run because she was entitled to review under the military's disability evaluation system when she was discharged; she would have had to affirmatively waive that review; and she did not waive it. ECF No. 18 at 2. When Ms. Walker was discharged from the military, her response alleges, she should have been sent to a Medical Evaluation Board and medically retired due to "ongoing physical ailments including liver disease and lupus." ECF No. 18 at 5.

A claim for disability retirement pay, unlike a claim for unlawful discharge under the Military Pay Act, will not accrue "until the appropriate military board either finally denies such a claim or refuses to hear it." *Chambers*, 417 F.3d at 1224. The cause of action for disability retirement does not arise until a proper board has acted or declined to act. *Id*. Here, Ms. Walker admits that her "claims have not been before the Board for a final decision." ECF No. 18 at 7. Ms. Walker has not requested review by the Medical Evaluation Board. Without a request for the Medical Evaluation Board to review her claim, and a final decision from that board, this court does not have jurisdiction over a disability retirement claim.

Ms. Walker requests a "remand to the appropriate board with instructions to grant disability retirement from [her] date of discharge." ECF No. 18 at 7-8. But this case did not arise out of a Medical Evaluation Board proceeding. It will not be remanded to a board from which Ms. Walker never sought relief in the first place. "Remand is only appropriate if an agency has a previous

---

[2] Additionally, because "no one has a right to enlist or reenlist in the armed forces, unless specially given one by statute or regulation," back pay for Ms. Walker would at most be "only to the date on which [her] term of enlistment would otherwise have expired had [she] not been so discharged." *Dodson v. United States*, 988 F.2d 1199, 1203-04 (Fed. Cir. 1993). Ms. Walker does not cite a statute or regulation that gives her a right to reenlist. Any right to back pay under the Military Pay Act would therefore have expired on the last day of Ms. Walker's initial enlistment.

position on an issue." *Auld v. United States,* No. 15-429, 2023 WL 4987417, at *4 (Fed. Cl. Aug. 3, 2023) (citing *SKF USA Inc. v. United States*, 254 F.3d 1022, 1027-29 (Fed. Cir. 2001)).

Notably, a claim for review of a discharge "must be made within 15 years after the date of discharge or dismissal." 10 U.S.C. § 1533(a). And a failure to request consideration by a disability board prior to discharge "can invoke the statute of limitations when the service member has sufficient actual or constructive knowledge of [her] disability, and hence, of [her] entitlement to disability retirement pay, at the time of discharge." *Chambers*, 417 F.3d at 1226 (citations omitted). Given that more than thirty years have passed since Ms. Walker's discharge, the statute of limitations would likely prohibit board review, even if remand were available.

### D.  A transfer to another court is not warranted

Ms. Walker requests that this court transfer to another court any claims that this court would otherwise dismiss as tort claims. ECF No. 18 at 5 ("The Defendant claims that some of the Plaintiff's claims sound in tort. If so, the Plaintiff asks this Honorable Court to transfer those specific claims to the appropriate Court."). A transfer to a district court is not warranted in this circumstance.

Transfer to a district court "is appropriate if (1) the transferor court lacks jurisdiction; (2) the action could have been brought in the transferee court at the time it was filed; and (3) transfer is in the interest of justice." *Zoltek Corp. v. United States*, 672 F.3d 1309, 1314 (Fed. Cir. 2012) (citing 28 U.S.C. § 1631).

While this court lacks subject-matter jurisdiction over tort claims, as discussed above, the action also could not have been brought in another court in 2022. "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). And other non-tort civil actions have a six-year statute of limitations. 28 U.S.C. § 2401(a). Because Ms. Walker's claims stemming from her discharge accrued in 1987, those claims could not have been brought in any transferee court at the time her complaint was filed in 2022.

Applying these standards, transfer to another court is not warranted.

### III.  Conclusion

For the reasons stated above, this court **grants** the government's motion to dismiss, **dismisses** Ms. Walker's complaint, and **denies** her request to transfer the case to another court. The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

 s/ Molly R. Silfen
MOLLY R. SILFEN
Judge

6